DEAN D. NIRO (*pro hac vice application to be filed*)
dniro@vvnlaw.com
NICHOLAS D. NIRO (*pro hac vice application to be filed*)
nniro@vvnlaw.com
**VITALE, VICKREY, NIRO, SOLON & GASEY LLP**
311 S. Wacker Drive, Suite 2200
Chicago, IL 60606
Tel: (312) 236-0733

SEAN M. KNEAFSEY (CA BAR# 180863)
skneafsey@kneafseyfirm.com
**THE KNEAFSEY FIRM, INC.**
707 Wilshire Blvd., Suite 3700
Los Angeles, California 90017
Tel: (213) 892-1200

*Attorneys for Plaintiff Conair LLC*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONAIR LLC,<br><br>Plaintiff,<br><br>v.<br><br><br>TEHRANI CORP D/B/A SUPREME,<br><br>Defendant. | Case No.:<br><br>**COMPLAINT FOR DAMAGES FOR PATENT INFRINGEMENT**<br><br>**[Demand for Jury Trial]** |

Plaintiff, Conair LLC ("Conair" or "Plaintiff"), for its Complaint for Patent Infringement against Tehrani Corp d/b/a Supreme ("Supreme" or "Defendant") states as follows:

- 1 -
COMPLAINT

## SUMMARY OF THE PATENT INFRINGEMENT CLAIMS

1.    This is a patent infringement lawsuit pertaining to an invention for adjustable zero gap blade trimmers of United States Patent No. 11,104,017 ("the '017 Patent") (attached Exhibit A).

2.    The technology involved in this case relates to hair trimmers, including a hair trimming system with a blade adjustment mechanism for adjusting the relative gap between a stationary blade and a movable blade to "zero" the gap between the blades.

3.    Prior to the current invention, trimmers typically included a blade assembly having a stationary blade and a reciprocating blade. Several deficiencies were inherent in conventional clipper designs. For example, adjusting the length of cut between the cutting blade and stationary blade, sometimes referred to as the "gap," required the physical removal of the blade assembly from the handle, and then aligning the relative positions of the blades, followed by reattachment of the blades to the handle. The operation often proved difficult.

4.    The inventions of the '017 Patent transformed the way a barber may "zero gap" a blade while it is still attached to the device.

5.    This action for patent infringement against Supreme involves the unauthorized infringement of U.S. Patent No. 11,104,017. Supreme is manufacturing, importing, selling, and offering to sell Zero Gap Products that infringe upon the '017 Patent.

6.    Supreme sells products such as the T-SHAPER, the RECHARGE, the DARKSTAR, and the VADER products (collectively the "Supreme Zero Gap Products"), each of which have the "Zero Gap Blade" feature. On information and belief, the Supreme Zero Gap Products are manufactured by Guangzhou Sway Technology Co., Ltd.

7.    The Supreme Zero Gap Products are covered by at least one claim of

COMPLAINT

the '017 Patent as evidenced by the fact that the Supreme Zero Gap Products are substantially similar to the drawings of the patent:

 

## THE PARTIES

8.    Conair is a limited liability company under Delaware law with its principal place of business at 1 Cummings Point Road, Stamford, CT 06902.

9.    Conair is a leading international designer, manufacturer, and innovator of branded personal care and small kitchen appliances, cookware, hairbrushes and accessories, cosmetic bags, and travel accessories.

10.    Conair sells various hair trimmer devices under the names BaByLiss® and others that are covered by the claims of the '017 Patent in the United States, including within this judicial district.

11.    Supreme has a principal place of business located at 21621 Nordhoff Street, Suite 300, Chatsworth, California 91311.

12.    At all relevant times, Supreme conducted business within the United States and engaged in activities related to the distribution, marketing, importation, offering for sale, and/or sale of professional hair and beauty products and equipment.

13.    Supreme has a website in the United States that promotes and advertises the Supreme Zero Gap Products in this judicial district:

- 3 -
COMPLAINT

www.supremetrimmer.com.  The link directs the user to the array of Supreme Zero Gap Products subject to this Complaint on the website in the United States, and this judicial district.

## JURISDICTION AND VENUE

14.   Conair's claim for patent infringement against Supreme arises under the patent laws of the United States, including 35 U.S.C. §§ 271 and 281.  This Court has original subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338.

15.   Supreme sells and offers for sale a consumer series of outline trimmers that feature a "Zero Gap T-Blade" in the United States. Supreme sells at least the T-SHAPER, the RECHARGE, the DARKSTAR, and the VADER blades, all having the "Zero Gap T-Blade" feature accused of infringement of the '017 Patent, in this judicial district. The Supreme Zero Gap Products are manufactured in China.

16.   This Court has personal jurisdiction over Supreme since Supreme has purposefully availed itself of the privilege of conducting activities within the State of California and has contacts with the State of California sufficient to give rise to, or that are related to, the claim of infringement through the sale and advertisement of the Supreme Zero Gap Products in this judicial district.

17.   Supreme offers for sale and sells the Supreme Zero Gap Products in this judicial district.  Supreme is subject to personal jurisdiction of this Court because, among other considerations, it has established sufficient contacts with California and within this judicial district.

18.   Supreme has committed acts of patent infringement within California giving rise to this action.  Supreme has sufficient contacts with this forum meeting or exceeding the minimum threshold such that the exercise of jurisdiction over it would not offend traditional notions of fair play and substantial justice.

19.   On information and belief, Guangzhou Sway Technology Co., Ltd.

COMPLAINT

("Guangzhou Sway") is a foreign company located at 16 Clubs Industrial Zone, Da Yuan Cillage Tai He Town, Bai Yun District, Guangzhou, Guangdong, China.

20. On information and belief, Guangzhou Sway imports and sells to Supreme the Supreme Zero Gap Products having the "Zero Gap T-Blade" feature of the '017 Patent in this judicial district.

21. Venue is proper as to Supreme in this judicial district under 28 U.S.C. § 1391(b) and 1400(b). Venue is proper as to Supreme because it has committed acts of infringement in this judicial district and maintains a regular and established place of business within this judicial district.

## THE CONAIR PATENT

22. United States Patent No. 11,104,017 is titled "Hair Cutter Blade Gap Adjustment System" and was issued on August 31, 2021.

23. The '017 Patent relates to a hair cutter system with a blade adjustment mechanism for adjusting the relative gap between blades to adjust the cutting length of the hair. ('017 Patent col. 1:7-11). The invention uses a driver tool to adjust the alignment of the blades.

24. The Conair '017 Patent describes the benefit of the gap adjustment system in the Summary of the Invention:

> The releasable lock includes at least one alignment fastener coupled to the movable blade, and configured to releasably secure the movable blade at a plurality of select longitudinal positions. The alignment fastener may include an alignment screw.
>
> ***
>
> The adjustment tool includes a driver releasably mounted thereto, which is manipulatable to control movement of

- 5 -

COMPLAINT

the alignment screw. One or more alignment screws may be provided. The one or more alignment screws are accessible to the driver with the cutting assembly mounted to the strut.

**('017 Patent col. 2:17-33).**

25.     FIG. 15 is a perspective view which illustrates "an exemplary method of use of the adjustment tool in adjusting the spacings of the blades of the cutting blade assembly." (*Id.* at col. 3:21-23):



FIG. 15

26.     The disclosure of the '017 Patent describes the use of the driver to position the alignment screws without the need to remove the cutting blade from the handle:

The driver **38** is utilized to loosen both alignment screws **84**. It is noted that the presence of the strut **46** displaces the alignment screws **84** a sufficient distance from the handle **16** such that the operator can

COMPLAINT

> readily access the alignment screws **84** with the driver **38** without the need to first remove the blade assembly **18** from the handle **16**. Thereafter, the adjustment tool **14**, if previously removed, is positioned onto the cutting blade assembly **18** with the cutting blade assembly **18** being at least partially received within the spacing **28** of the adjustment tool **14** (FIG. 16).

(*Id.* at col. 15:2-11).

27.    The embodiment of FIG. 16 shows the recess for the alignment screw and how the operator can readily access the alignment screw without the need to remove the blade from the handle:



FIG. 16

(*Id.,* FIG.16).

28.    The advantages of the adjustability of the gap ("g1") in the blades is also shown in FIG. 16, as well as described in the preferred embodiments:

> To selectively close the gap between the blade

edges **70** *a*, **88** *a* of the cutting teeth **70**, **88**, the adjustment tool **14** is advanced upwardly in the longitudinal direction of the directional arrows "m" of FIGS. 16 and 18 such that the upper surfaces **27** of the adjustment tool **14** and the lower surface **58** *a* of the movable blade **58** cause the movable blade **58** to move upwardly closing the gap between the outer blade edges **70** *a*, **88** *a* of the movable blade **58** and the stationary blade **62**.

The alignment screws **84** may be tightened at any time to secure the relative positions of the movable blade **58** and the stationary blade **62**. It is to be appreciated that the movable blade **58** may be adjusted to a plurality of select positions relative to the stationary blade **62** between the fully displaced condition and the approximated condition and the adjustment screws **84** to selectively adjust the length of cut as desired.

(*Id.* at col. 6:24-51).

29.    FIGS. 17 and 18 of the '017 Patent show the gaps in the blade as "g1" and "g2" as the movable blade is adjusted using the adjustment screws:

COMPLAINT



U.S. Patent          Aug. 31, 2021          Sheet 12 of 12          US 11,104,017 B2

FIG. 17

FIG. 18

30.     The adjustable gap feature is claimed in the Conair Patent. Claim 15 of the '017 Patent recites:

15. A hair cutting system, which comprises:

a handle defining a longitudinal axis, the handle including a rotating shaft;

a hair cutting blade assembly including:

a fixed strut configured for securement to the handle and extend outwardly therefrom;

a stationary blade defining cutting teeth having blade edges, the stationary blade secured to the strut;

a movable blade coupled to the rotating shaft of the handle, the movable blade defining cutting teeth having

- 9 -

blade edges and capable of reciprocal movement relative to the stationary blade in a direction transverse to the longitudinal axis defined by the handle in response to rotation of the rotating shaft, the movable blade and the stationary blade being movable relative to each other in a direction relative to the longitudinal axis defined by the handle to selectively adjust a position of the movable blade relative to the stationary blade to selectively vary a distance between the blade edges of the stationary blade and the blade edges of the movable blade; and

one or more alignment fasteners to releasably secure the movable blade at a plurality of select positions relative to the stationary blade;

wherein the strut is configured to space the cutting blade assembly relative to the handle along the longitudinal axis to facilitate access to the one or more fasteners without requiring removal of the cutting blade assembly from the handle.

## COUNT FOR PATENT INFRINGEMENT
### (Infringement of U.S. Patent No. 11,104,017)

31.    The Supreme Zero Gap Products, including but not limited to the T-SHAPER, the RECHARGE and the VADER products, literally and directly infringe at least Claims 15, 16, 17, 18 and 19 of the '017 Patent in violation of 35 U.S.C. § 271(a).  Discovery may reveal additional infringing products.

- 10 -
COMPLAINT

32. The Supreme Zero Gap Products include "a handle defining a longitudinal axis, the handle including a rotating shaft" as recited in claim 15 of the '017 Patent:



33. The Supreme Zero Gap Products include a "hair cutting blade assembly" as recited in claim 15 of the '017 Patent:



34. The Supreme Zero Gap Products include a "fixed strut [that is] configured to be secured to the handle and extended outwardly therefrom" as recited in claim 15 of the '017 Patent:

COMPLAINT



a fixed strut configured for securement to the handle and extend outwardly therefrom

A fixed strut

35.    The Supreme Zero Gap Products include a "stationary blade defining cutting teeth having blade edges, the stationary blade secured to the strut" as recited in claim 15 of the '017 Patent:



a stationary blade defining cutting teeth having blade edges, the stationary blade secured to the strut;

Cutting teeth

A stationary blade

36.    The Supreme Zero Gap Products include a "movable blade coupled to

COMPLAINT

the rotating shaft of the handle, the movable blade defining cutting teeth having blade edges and capable of reciprocal movement relative to the stationary blade in a direction transverse to the longitudinal axis defined by the handle in response to rotation of the rotating shaft" as recited in claim 15 of the '017 Patent:



37. The Supreme Zero Gap Products include a "movable blade and a stationary blade being movable relative to each other to selectively adjust the position of the movable blade relative to the stationary blade to selectively vary a distance between the blade edges of the stationary blade and the blade edges of the movable blade" as recited in claim 15 of the '017 Patent:



- 13 -

COMPLAINT

Case 2:26-cv-06756   Document 1   Filed 06/22/26   Page 14 of 18   Page ID #:14

38. The Supreme Zero Gap Products include "one or more alignment fasteners to releasably secure the movable blade at a plurality of select positions relative to the stationary blade" as recited in claim 15 of the '017 Patent:





39. The Supreme Zero Gap Products include a "strut that is configured to space the cutting blade assembly relative to the handle along the longitudinal axis to facilitate access to the one or more fasteners without requiring removal of the cutting blade assembly from the handle" as recited in claim 15 of the '017 Patent:



wherein the strut is configured to space the cutting blade assembly relative to the handle along the longitudinal axis to facilitate access to the one or more fasteners without requiring removal of the cutting blade assembly from the handle.

To facilitate access to the one or more fasteners without requiring removal of the cutting blade assembly

40. The Supreme Zero Gap Products satisfy each and every element of Claim 15 of the '017 Patent and therefore directly and literally infringe claim 15 of the '017 Patent.

41. The Supreme Zero Gap Products further literally and directly infringe at least claims 16, 17, 18 and 19 of the '017 Patent in violation of 35 U.S.C. § 271(a).

42. If any of the claim elements of the asserted claims of the '017 Patent are not found in the Supreme Zero Gap Products, there is infringement under the doctrine of equivalents.

43. Supreme has had knowledge of the '017 Patent and its infringement thereof since at least June 13, 2024, when Plaintiff, through counsel, sent a detailed notice letter to Supreme identifying the '017 Patent, describing the patented technology, explaining how the Supreme Zero Gap Products infringe one or more claims of the '017 Patent, including by providing claim charts and an analysis comparing the accused products to the asserted patent claims.

## DAMAGES

44.   The actions of infringement of the '017 Patent by Supreme have injured Conair and Conair is entitled to recover damages to compensate it for such infringement, but in no event less than a reasonable royalty as established under 35 U.S.C. § 284.

45.   The deliberate, intentional, and willful infringement by Supreme of one or more claims of the '017 Patent after having knowledge of the '017 Patent entitles Conair to enhanced damages under 35 U.S.C. § 284.

46.   Plaintiff's injury will continue unless or until this Court enters an injunction against further infringement by Supreme.

47.   Plaintiff has complied with any applicable provisions of 35 U.S.C. § 287 by marking products covered by the '017 Patent with the patent number and putting Supreme on notice of infringement of the patent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Conair, prays for the following relief:

a.   A judgment finding that Supreme has infringed the asserted claims of the '017 Patent under 35 U.S.C. § 271(a) as pled above;

b.   A judgment that the '017 Patent is valid and enforceable;

c.   A permanent injunction enjoining Supreme, its agents, officers, assigns and others acting in concert with it, from infringing the '017 Patent;

d.   An award of damages adequate to compensate Conair for the infringement of the '017 Patent that has occurred;

e.   An award of pre-judgment interest and post-judgment interest on the damages awarded;

f.   A judgment that Conair is entitled to an award of enhanced damages under 35 U.S.C. § 284 to be increased at the discretion of the Court up to three times the damages found;

COMPLAINT

g.   A determination that this is an exceptional case and an award of Plaintiff's attorneys' fees  pursuant to 35 U.S.C. § 285 and any other applicable statute or law, and an award to Conair of its fees and costs; and

h.   Such other further relief as the Court deems reasonable.

DATE: June 22, 2026

Respectfully submitted
Plaintiff, Conair LLC


By:   _/s/ Sean M. Kneafsey_


SEAN M. KNEAFSEY (CA BAR# 180863)
skneafsey@kneafseyfirm.com
**THE KNEAFSEY FIRM, INC.**
707 Wilshire Blvd., Suite 3700
Los Angeles, California 90017
Telephone: (213) 892-1200
Fax: (213) 892-1208

DEAN D. NIRO
dniro@vvnlaw.com
NICHOLAS D. NIRO
nniro@vvnlaw.com
**VITALE, VICKREY, NIRO, SOLON & GASEY LLP**
311 S. Wacker Drive, Suite 2200
Chicago, IL 60606
Telephone: (312) 236-0733
(*pro hac vice applications to be filed*)

*Attorneys for Plaintiff*

COMPLAINT

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury of any issue triable by right of a jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

DATE: June 22, 2026

Respectfully submitted
Plaintiff, Conair LLC

By:    /s/ Sean M. Kneafsey

SEAN M. KNEAFSEY (CA BAR# 180863)
skneafsey@kneafseyfirm.com
**THE KNEAFSEY FIRM, INC.**
707 Wilshire Blvd., Suite 3700
Los Angeles, California 90017
Telephone: (213) 892-1200
Fax: (213) 892-1208

DEAN D. NIRO
dniro@vvnlaw.com
NICHOLAS D. NIRO
nniro@vvnlaw.com
**VITALE, VICKREY, NIRO, SOLON & GASEY LLP**
311 S. Wacker Drive, Suite 2200
Chicago, IL 60606
Telephone: (312) 236-0733
(*pro hac vice applications to be filed*)

*Attorneys for Plaintiff*

COMPLAINT